USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

──────────────────────────────── X

JOSE GRULLON, AKA JOSE
D. GRULLON AKA ESPINAL
NISIA,

                Petitioner,

    -against-

UNITED STATES OF
AMERICA,

                Respondent.

──────────────────────────────── X

09cv 7724

ORDER

WILLIAM H. PAULEY III, United States District Judge:

    Petitioner, presently confined in the Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania and acting *pro se*, brings the instant application styled as a "Motion for Downward Departure to Fast-Track Under U.S.S.G. 5K3.1."[1] The Clerk of Court is directed to assign a docket number to this matter. As set forth below, petitioner is directed to submit an amended motion within sixty (60) days of the date of this order.

## Discussion

    Petitioner pleaded guilty to illegal re-entry of a deported alien and was sentenced to 57 months' imprisonment. See United States v. Grullon, No. 05 Cr. 917-1 (S.D.N.Y. 2006). On direct appeal, the United States Court of Appeals for the Second Circuit affirmed. See Grullon v. United States, No. 06-468-cr (2d Cir. Oct. 9, 2007). In the instant application, petitioner seeks a "sentence reduction," on grounds that the existence of the fast-track program in some districts

---

[1] The instant motion was received by this Court's *Pro Se* Office on June 8, 2009.

1

but not others creates an unconstitutional sentencing disparity among similarly situated criminal defendants. Mot. at 4-6.

When challenging the *imposition* of a sentence, a federal defendant may seek relief under 28 U.S.C. § 2255. See Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997); 28 U.S.C. § 2255 (defendant may collaterally attack federal sentence on grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . ."). Because petitioner seeks to modify a federal sentence, the Court liberally construes the instant submission as a motion under 28 U.S.C § 2255.

The Second Circuit, however, has cautioned the district court against converting mislabeled applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), amending 28 U.S.C. § 2255, which prohibits second or successive applications for the writ without the Circuit Court's permission. See Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (*per curiam*). The Second Circuit stated that:

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Adams, 155 F.3d at 584. Accordingly, petitioner is hereby notified that the Court finds that the instant petition, notwithstanding its designation, should be construed as a motion under 28 U.S.C.

§ 2255. Petitioner may withdraw the motion if he does not wish to pursue relief under 28 U.S.C. § 2255.[2]

Rule 2(b) of the rules governing § 2255 proceedings provides that "[t]he motion must (1) specify all the grounds for relief available to the moving party; [and] state the facts supporting each ground." Rules on Motion Attacking Sentence Under Section 2255, Rule 2(b). If petitioner does not wish to withdraw the instant submission, and intends to proceed with the motion to vacate pursuant to 28 U.S.C. § 2255, petitioner is directed to submit an amended motion specifying all of the grounds on which he seeks relief and the facts supporting each ground.[3]

## Conclusion

Accordingly, petitioner is hereby notified that the Court finds that the instant motion, notwithstanding its designation, should be construed as a motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255. Petitioner may withdraw this motion if he does not wish to pursue relief under 28 U.S.C. § 2255. Should petitioner choose to withdraw the motion, he must notify the Court in writing within sixty (60) days. Alternatively, if petitioner chooses to proceed with the motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255, he must submit an amended motion specifying the grounds for relief within sixty

---

[2] A § 2255 motion challenging a conviction may be brought within one year from the date a judgment became final. 28 U.S.C. § 2255, ¶ 6; see Clay v. United States, 537 U.S. 522, 525 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

[3] For petitioner's convenience, a form for the amended motion is attached.

3

of the date of this order. If petitioner fails to respond, the application will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　WILLIAM H. PAULEY III
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: OCTOBER 16, 2009
　　　　New York, New York